UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EROLD JEAN MARIE,

                              Plaintiff,

                              v.                                      Complaint and
                                                                        Demand for Jury Trial

THE MILAN ASSOCIATES, L.P.,

                             Defendant.

-------------------------------------------------------------x

RECEIVED JUN 14 2011 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, EROLD JEAN MARIE, by and though her undersigned attorneys, files this Complaint, against Defendant upon information and belief:

## INTRODUCTION

    1. Plaintiff alleges, on behalf of himself, that he is entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law; and, (ii) attorneys fees and costs, and liquidated damages, pursuant to the Fair Labor Standards Act (hereinafter "FLSA").

    2. Plaintiff alleges, on behalf of himself, that he is entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State Labor Law §§ 650 et seq. ("NYLL"); and, (ii) attorneys fees and costs, liquidated damages, and punitive damages pursuant to the NYLL.

## JURISDICTION AND VENUE

    3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331 and 1337, and supplemental jurisdiction over

Plaintiff's state claims pursuant to 28 U.S.C. §1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6. Plaintiff, EROLD JEAN MARIE (hereinafter "Plaintiff"), at all relevant times, resided in Kings County, New York.

7. Defendant, THE MILAN ASSOCIATES, L.P. (hereinafter "Milan" or "Defendant") is a domestic business entity duly existing under the laws of the State of New York.

8. Milan at all relevant times, maintained its principal place of business at 120 West 23rd Street, New York, New York.

## STATEMENT OF FACTS

9. At all relevant times, Plaintiff was an employee as defined under the FLSA.

10. At all relevant times, Plaintiff was an employee as defined under the NYLL.

11. At all relevant times, the Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

12. At all relevant times, Milan was an employer as defined under NYLL.

13. At all relevant times, Defendant, individually, has had gross annual revenues in excess of $500,000.

14. Plaintiff was hired by Defendant on or around February 2000 to work as a full-time Doorman.

15. As a Doorman, Plaintiff regularly open the main door for residents and the public, carry items to and from vehicles, and accept packages from U.S. Postal Service, FedEx, and UPS.

16. During Plaintiff's tenure with Defendant, he regularly worked more than forty hours per week.

17. Plaintiff stopped working for Defendant on or around March 2011.

18. Plaintiff was a non-residential employee of Defendant.

19. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

20. During Plaintiff's tenure with Defendant, he regularly worked in excess of forty (40) hours a week and Defendant willfully failed to pay him overtime compensation at the correct statutory amounts.

21. At all relevant times, Defendant knew that they were required to pay minimum overtime compensation at the rate of not less than one-and-one-half times the normal hourly rates to its employees who work more than 40 hours during a workweek, unless those employees are exempt from the overtime requirements of the FLSA.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT

22. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effects as though fully set forth herein.

23. At all relevant times, the Defendant has had a policy and practice of refusing to pay overtime compensation to its employees for their employees who worked in excess of forty (40) hours per workweek.

24. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff, for minimum wage rate pay and overtime at a rate not less than one and one half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

25. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255(a).

**26.** Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid overtime wage compensation, and an additional amount equal as liquidated damages, interest for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

27. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

28. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL, §§2 and 651.

29. Defendant willfully violated Plaintiff's rights by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each

hour worked in excess of forty hours in a workweek in violation of the NYLL and its regulations.

30. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

31. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant's unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to NYLL § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b) An injunction against Defendant and his respective officers, agents, successors, employees, representatives and any and all persons acting in concert with him, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of overtime compensation wages due under FLSA and the NYLL;

d) An award of liquidated damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. §216 and NYLL §663(1);

e) An award of prejudgment and post judgment interest;

f) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

g) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Date: June 14, 2011
      New York, NY

                                 The Law Offices of
                                 Fausto E. Zapata, Jr., P.C.

                                 By: _____
                                 Fausto E. Zapata, Jr. (FZ4957)
                                 Attorneys for Plaintiff
                                 277 Broadway, Suite 501
                                 New York, NY 10007
                                 Tel. (212) 766-9870