UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RECEIVED AUG 02 2011 U.S.D.C. S.D.N.Y. CASHIERS

**EROLD JEAN MARIE,**

**Plaintiff,**

**v.**

**THE MILAN ASSOCIATES, L.P., LAWRENCE GENCO, as Owner and Manager, ARTHUR MINEROFF, as Owner and Manager and TYSON MENGER, as Manager,**

**Defendants.**

----------------------------------------------------------------x

**ECF CASE**

**AMENDED COMPLAINT**

**Case No.**
**11 CIV. 4036 (WHP)(AJP)**

Plaintiff, EROLD JEAN MARIE, by and though his undersigned attorneys, files this Amended Complaint, against Defendants upon information and belief:

## INTRODUCTION

1. Plaintiff alleges, on behalf of himself, that he is entitled to: (i) overtime wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. (hereinafter "FLSA"); and, (ii) attorneys fees and costs, and liquidated damages, pursuant to the FLSA.

2. Plaintiff alleges, on behalf of himself, that he is also entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 650 et seq. ("NYLL") and §§ 190 et seq. ("NYLL"); and, (ii) attorneys fees and costs and liquidated damages pursuant to the NYLL.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the claims in this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff, EROLD JEAN MARIE (hereinafter "PLAINTIFF"), at all relevant times, resided in Kings County, New York.

7. Defendant, THE MILAN ASSOCIATES, L.P. (hereinafter "MILAN"), is a domestic business entity duly existing under the laws of the State of New York.

8. MILAN at all relevant times, maintained its principal place of business at 120 West 23rd Street, New York, New York.

9. Defendant, LAWRENCE GENCO (hereinafter "GENCO"), at all relevant times, was an Owner and Manager of MILAN.

10. Defendant, ARTHUR MINEROFF (hereinafter "MINEROFF"), at all relevant times, was an Owner and Manager of MILAN.

11. Defendant, TYSON MENGER (hereinafter "MENGER"), at all relevant times, was a Manager of MILAN.

12. Collectively, MILAN, GENCO, MENGER and MINEROFF are hereinafter referred to as "DEFENDANTS."

## STATEMENT OF FACTS

13. At all relevant times, PLAINTIFF was an employee as defined under the FLSA § 203(e).

14. At all relevant times, PLAINTIFF was an employee as defined under the NYLL §§ 2(5), 190(2) and 651(5).

15. At all relevant times, MILAN has been and continues to be and employer engaged in interstate commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, MILAN was an employer as defined under NYLL §§ 2(6), 190(3) and 651(6).

17. At all relevant times, GENCO was an employer as defined under the FLSA, § 203(d).

18. At all relevant times, GENCO was an employer as defined under NYLL §§ 2(6), 190(3) and 651(6).

19. At all relevant times, MENGER was an employer as defined under the FLSA, § 203(d).

20. At all relevant times, MENGER was an employer as defined under NYLL §§ 2(6), 190(3) and 651(6).

21. At all relevant times, MINEROFF was an employer as defined under the FLSA, § 203(d).

22. At all relevant times, MINEROFF was an employer as defined under NYLL §§ 2(6), 190(3) and 651(6).

23. At all relevant times, MILAN had gross annual revenues in excess of $500,000.

24. On or around February 2000, MENGER and MINEROFF conducted PLAINTIFF'S employment interview.

25. On or around February 2000, DEFENDANTS hired PLAINTIFF to work as a full-time Doorman at the building located at 120 West 23rd Street, New York, New York.

26. As a Doorman, PLAINTIFF regularly opened the main door for residents and the public, carried items to and from vehicles, and accepted packages from the United States Postal Service, Federal Express and United Parcel Service.

27. PLAINTIFF was a non-residential employee of DEFENDANTS.

28. PLAINTIFF'S duties did not include managerial responsibilities or the exercise of independent judgment.

29. Upon information and belief, at all relevant times GENCO, MENGER and MINEROFF, individually and collectively were involved in the day-to-day operations and employment decisions of MILAN.

30. Individually and collectively, DEFENDANTS maintained PLAINTIFF'S employment records, including, but not limited to, PLAINTIFF'S work schedule, shift assignments, time and leave forms and other payroll documents.

31. Individually and collectively, DEFENDANTS met with, spoke with and advised PLAINTIFF regarding employment matters such as scheduling, wage rate and leave requests.

32. GENCO, MENGER and MINEROFF worked on behalf of MILAN in an office located on the 7th floor of the building located at 120 West 23rd Street, New York, New York, where PLAINTIFF worked.

33. On numerous occasions, PLAINTIFF spoke with GENCO, MENGER and MINEROFF regarding employment matters.

34. For example, PLAINTIFF often met with and spoke to GENCO, MENGER and MINEROFF while they worked in the main office on the 7th floor. Specifically, PLAINTIFF delivered employment related documents, such as requests for vacation, to GENCO, MENGER and MINEROFF.

35. Also, on numerous occasions PLAINTIFF spoke with GENCO, MENGER and MINEROFF with respect to the terms and conditions of his employment, including, but not limited to, PLAINTIFF'S wage rate.

36. Moreover, PLAINTIFF spoke with GENCO, MENGER and MINEROFF on the phone when PLAINTIFF had reason to call in sick. During these specific instances, GENCO, MENGER and MINEROFF were actively involved in coordinating PLAINTIFF'S shift coverage with PLAINTIFF'S help.

37. In addition, MINEROFF was referred to as "the big boss" by employees and managers alike. Accordingly, no significant employment decisions were made without MINEROFF'S knowledge, input and consent.

38. For example, MINEROFF signed PLAINTIFF'S paychecks and other employment documents such as approvals for vacation time.

39. During PLAINTIFF'S tenure with DEFENDANTS, he regularly worked in excess of forty (40) hours a week and DEFENDANTS willfully failed to pay him overtime compensation at the correct statutory amounts.

40. At all relevant times, DEFENDANTS knew that they were required to pay minimum overtime compensation at the rate of not less than one-and-one-half times the

normal hourly rates to its employees who worked more than 40 hours during a workweek, unless those employees are exempt from the overtime requirements of the FLSA.

41. PLAINTIFF stopped working for DEFENDANTS on or around March 2011.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**

42. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43. At all relevant times, the DEFENDANTS had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of forty (40) hours per workweek.

44. As a result of the DEFENDANTS' willful failure to compensate its employees, including PLAINTIFF, for overtime at a rate not less than one and one half times the regular rate of pay for work performed in excess of forty hours in a workweek, DEFENDANTS violated the FLSA, 29 U.S.C. §§ 201 et seq.

45. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to DEFENDANTS' FLSA violations, PLAINTIFF is entitled to recover from DEFENDANTS unpaid overtime wage compensation, and an additional amount equal as liquidated damages, interest for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

47. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

48. At all relevant times, PLAINTIFF was employed by DEFENDANTS within the meaning of the NYLL, §§ 2(5), 190(2) and 651(5).

49. Defendants willfully violated PLAINTIFF'S rights by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the NYLL.

50. DEFENDANTS' NYLL violations have caused PLAINTIFF irreparable harm for which there is no adequate remedy at law.

51. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to NYLL § 663(1).

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b) An injunction against DEFENDANTS and its respective officers, agents, successors, employees, representatives and any and all persons acting in

concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of overtime compensation wages due under FLSA and the NYLL;

d) An award of liquidated damages as a result of DEFENDANTS' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216 and NYLL §663(1);

e) An award of prejudgment and post judgment interest;

f) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

g) Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury on all questions of fact raised by the Complaint.

Date: August 1, 2011
New York, NY

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: ____________________
Fausto E. Zapata, Jr. (FZ4957)
Attorneys for Plaintiff
277 Broadway, Suite 501
New York, NY 10007
Tel. (212) 766-9870